UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARQIS KENNON, | : |
| Plaintiff, | : Civil Action No. 22-4184 (ZNQ)(DEA) |
| v. | : **MEMORANDUM ORDER** |
| STEVEN JOHNSON et al., | : |
| Defendants. | : |

THIS MATTER comes before the Court on Mr. Kennon's ("Plaintiff") Motion to Strike Documents from the Record. ECF No. 18. Defendants oppose the Motion. ECF No. 19. The Court decides this Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons below, the Court **DENIES** Plaintiff's Motion.

**I. Background and Procedural History**

On March 19, 2022, Plaintiff filed a Complaint alleging "repeated obstruction to Jewish religious access to the basic elements (also called ritualistic elements) of Jewish Religious observances by New Jersey State Prison staff." ECF No. 1-2 at 3. Defendants removed the matter to this Court on June 22, 2022, noting that Plaintiff's Complaint includes federal claims. ECF No. 1 at 4.

Since removal, the parties engaged in discovery, completing discovery by November 8, 2023. ECF No. 20 ("Revised Scheduling Order"). No dispositive motions have been filed to date.

Moving under Federal Rule of Civil Procedure 12(f), Plaintiff filed the instant Motion on October 10, 2023, seeking to strike certain documents obtained during discovery. ECF No. 18. Defendants filed their opposition on October 23, 2023. ECF No. 19.

1

## II. Analysis

Plaintiff seeks to strike documents produced by Defendants because "he asserts these documents are false." ECF No. 18 at 3. Specifically, Plaintiff takes issue with the documents asserting that Plaintiff "was removed from the Kosher Diet list on or about January 28, 2013." *Id.* Plaintiff offers his own medical records as proof that this assertion is false. *Id.* at 3-4. Plaintiff concludes the "documents in question should be stricken from the record because Plaintiff had been medically removed from the kosher diet and placed on a medical, low-fat (heart healthy) diet over one year before the alleged infraction took place." *Id.* at 5.

Defendants oppose the Motion and argue it should "be denied, as there is no relief that may be provided under the federal court rules, nor does Plaintiff cite to any rule or caselaw that warrants the relief he so requests." ECF No. 19 at 2.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff does not seek to strike any aspect of the pleadings in this case, but rather documents produced in discovery. Even if Plaintiff moved under Federal Rule of Civil Procedure 26(g)(2) where "parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention," Plaintiff's argument that the document is "false" does not fit within the reasons to strike under this Rule. Fed. R. Civ. P. 26(g)(2).

With no legal standard or caselaw to support Plaintiff's Motion, this Court cannot fashion or impose the relief sought simply because Plaintiff does not agree with the content of the documents produced by Defendants.

### III. Conclusion and Order

For the reasons herein, Plaintiff's Motion to Strike [ECF No. 18] is **DENIED**.

IT IS so ORDERED this **10th day** of **January**, 2024.

                                                /s/ Douglas E. Arpert  
                                                **DOUGLAS E. ARPERT**  
                                                **United States Magistrate Judge**

--This Order terminates ECF No. 18.